1 | PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2 | Name   CONTRERAS   GILBERT

3 |        (Last)        (First)        (Initial)

Prisoner Number  E-59058

4 | Institutional Address  P.O. BOX 689 DW-243 UPPER

5 | SOLEDAD, CA. 93960-0689

6 | UNITED STATES DISTRICT COURT
7 | NORTHERN DISTRICT OF CALIFORNIA

8 | GILBERT CONTRERAS

(Enter the full name of plaintiff in this action.)

9 |

10 |                vs.

B. CURRY, WARDEN (ACTING)

11 |

12 |

13 |

14 | (Enter the full name of respondent(s) or jailor in this action.)

15 |

Case No. _____
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

C 07 3818

16 | Read Comments Carefully Before Filling In

17 | When and Where to File

18 |    You should file in the Northern District if you were convicted and sentenced in one of these

19 | counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 | San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 | this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 | good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23 |    If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 | one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 | District Court for the district in which the state court that convicted and sentenced you is located. If

26 | you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 | your petition will likely be transferred to the district court for the district that includes the institution

28 | where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1   Who to Name as Respondent

2       You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now and the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition? Prison Discipline
                                                              Loss of Good Time Credits
12          (a)   Name and location of court that imposed sentence (for example; Alameda

13          County Superior Court, Oakland):

14          Superior Court                        Los Angeles

15          Court                                 Location

16          (b)   Case number, if known  BA151381

17          (c)   Date and terms of sentence  Fourteen Years

18          (d)   Are you now in custody serving this term? (Custody means being in jail, on

19                parole or probation, etc.)        Yes X        No _____

20                Where?

21                Name of Institution: Soledad State Prison, CTF-Central

22                Address: P.O. Box 689, Soledad, CA. 93960

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Possession for Sales of a Controlled Substance

27  Health and Safty Code 11351

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                      Yes __X__     No _____

    Preliminary Hearing:           Yes __X__     No _____

    Motion to Suppress:           Yes _____     No __X__

4. How did you plead?

    Guilty __X__    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?   Plea Bargain

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?              Yes _____     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment               Yes __X__     No _____

    (b)    Preliminary hearing        Yes _____     No _____

    (c)    Time of plea              Yes __X__     No _____

    (d)    Trial                      Yes _____     No _____

    (e)    Sentencing               Yes __X__     No _____

    (f)    Appeal                   Yes _____     No _____

    (g)    Other post-conviction proceeding    Yes _____     No _____

8. Did you appeal your conviction?         Yes _____     No __X__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal           Yes _____     No _____

        Year: _____     Result:_____

        Supreme Court of California     Yes _____     No _____

        Year: _____     Result:_____

        Any other court           Yes _____     No _____

        Year: _____     Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1    petition?                                    Yes _____    No_____

2    (c)    Was there an opinion?                 Yes _____    No_____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes _____    No_____

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _____    No_____

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]Prison Discipline, Loss of Good Time Credits.

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18   I.     Name of Court: Superior Court, Monterey County

19          Type of Proceeding:Habeas Corpus

20          Grounds raised (Be brief but specific):

21          a.Denied a Federally protected liberty interest

22          b._____

23          c._____

24          d._____

25          Result: Denied                    Date of Result:10/23/06

26   II.    Name of CourtCourt of Appeal, Sixth Appellate District

27          Type of Proceeding: Habeas Corpus

28          Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1    a. Denied a Federally protected liberty interest

2    b. _____

3    c. _____

4    d. _____

5    Result: __Denied_____ Date of Result: 02/20/07

6    III.    Name of Court: Superior Court of California

7    Type of Proceeding: Habeas Corpus

8    Grounds raised (Be brief but specific):

9    a. Denied a Federally protected liberty interest

10    b. _____

11    c. _____

12    d. _____

13    Result: __Denied_____ Date of Result: 04/11/07

14    IV.    Name of Court: _____

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a. _____

18    b. _____

19    c. _____

20    d. _____

21    Result: _____ Date of Result: _____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23    Yes _____    No_X___

24    Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One Denied a federally protected interest, (Loss of 360 days

6  credits) in violation of Fourteenth Amendment.

7  Supporting Facts: See the following pages.

8  _____

9  _____

10 _____

11 Claim Two:_____

12 _____

13 Supporting Facts:_____

14 _____

15 _____

16 _____

17 Claim Three:_____

18 _____

19 Supporting Facts:_____

20 _____

21 _____

22 _____

23     If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1    On November 10, 2004, A Facility, including building A3

2    was searched for contraband.  Petitioner's cell, A3-212up,

3    was subsequently searched by C/O Magdaleno.  Pursuant to this

4    search, C/O Magdaleno found a weapon hidden in the mattress

5    that was assigned to petitioner's cell and bed area.

6    Petitioner was charged with Possession of Inmate Manufactured

7    Weapon.  (Attached as Exhibit A is a copy of the CDC 115 Rule

8    Violation Report, see page 1 of 4).  Due to the seriousness

9    of the rule violation, petitioner was immediately rehoused

10   in the Administrative Segregation housing (Ad. Seg.) unit, in

11   A5-237, pending a CDC 115 hearing.  No referral was made to

12   the District Attorney regarding this matter due to insuffic-

13   ient data.  (See Exhibit A, page 4, District Attorney Referral

14   Status Report).

15   On November 20, 2004, an Investigative Employee (IE) was

16   assigned to petitioner's case prior to the CDC 115 hearing.

17   The IE interviewed and included petitioner's statments in

18   his report (Attached as Exhibit B is a copy of the Invest-

19   igative Employee's Report).  The petitioner stated, in revelant

20   part, the following in the IE's report:  Petitioner lived in

21   cell A3-223 prior to beng moved into cell A3-212up; petitioner

22   only lived in cell A3-212up for about 9 to 10 days before it

23   was searched on November 10, 2004; petitioner does not dispute

24   that a weapon was found inside the mattress assigned to him,

25   but denies any knowledge and/or ownership of said weapon;

26   petitioner did not request the cell move, but rather, the move

27   was imposed upon him by order of C/O Delira;  that before

28   moving into cell A3-212up, petitioner asked C/O Delira if

Ground I, page 1

he could take his mattress from cell A3-223 to cell A3-212up
and C/O Delira said, "No";  when the weapon was found, petit-
ioner's request for it to be fingerprinted was denied;
petitioner further stated that the search began in his building
at about 2:30pm, and that he was aware that all mattresses
were being X-Rayed 5 hours in advance to his cell being searched
at 7:30pm; and, petitioner had ample time to get rid of any
known contraband.  These statements by the petitioner reflect-
ed in the IE's report were never contested at petitioner's
CDC 115 hearing and disposition.  (See Exhibit A, pages 1-3,
petitioner's CDC 115 hearing and disposition).  Although
staff witnesses were requested at the hearing, none appeared
in dispute of petitioner's statements.  (Exhibit B, page 3).

On December 7, 2004, petitioner's CDC 115 was convened.
Petitioner plead not guilty, but was found guilty by the Senior
Hearing Officer (SHO) based upon C/O Magdaleno's Rule Violation
Report (RVR) and the CDC 837 Crime/Incident Report.  Petitioner
was assessed 360 days forfeiture of behavior credits and
served approximately 8 months in a Segregated Housing Unit
(SHU).  The reports submitted to the SHO at petitioner's CDC
115 hearing reflect that the weapon found in petitioner's
assigned mattress was a 5" by 1/8" metal rod.  Additionally,
two other weapons were found in mattresses assigned to cell
A3-101 and cell A3-136 the day petitioner's building was
searched.  (See Exhibit A, page 2).

Petitioner appealed the guilty findings by the Senior
Hearing Officer by raising five claims for relief.  (Attached
as Exhibit C is the Director's Level Appeal Decision,

Ground I, page 2

1  see page 1, part I). Petitioner's claims were originally
2  reviewed and denied at the Second Level. (Exhibit C, page 1,
3  part II Second Level Decision.) The Second Level Reviewer
4  affirms that petitioner was moved into cell A3-212up on
5  October 28, 2004, and he only lilved in that cell for 14
6  days prior to the incident. Additionally, the Second Level
7  Reviewer affirms that cell A3-212up was not searched by
8  staff prior to the petitioner being moved into that cell.
9  (See Exhibit C, page 1, part II, claims 3 and 4).
10     Petitioner appealed the Second Level Decision to the
11  Director's Level. (Exhibit C, page 2, part III A). The
12  Director's Examiner concedes that cell A3-212up was not
13  searched by staff prior to petitioner being housed into
14  that cell. The Examiner relies on his interpretation of
15  CCR, Title 15, section 3287(a) in support of petitioner's
16  guilty finding. Section 3287(a) is the provision that
17  mandates staff to search unoccupied cells and bed areas for
18  contraband prior to assigning a new inmate into that
19  location. The Examiner purports that section 3287(a) only
20  mandates that staff search segregation, isolation and (SHU)
21  cells for contraband prior to a new inmate's assignment to
22  the cell. The Examiner excludes general population cells
23  and bed areas from the section 3287(a) mandate in his
24  interpretation. The Examiner cites section 3287(a) in full,
25  and, contacts Centinela State Prison to confirm the housing
26  status of petitioner in building A3 at the time of the
27  incident. (Exhibit C, page 2, part III A).
28     Petitioner has exhausted all available administrative

Ground I, page 3

1  remedies.  (Exhibit C, parg 2, part III C).

2       On or about June 17, 2005, petitioner filed a habeas

3  petition rasing one ground for relief that petitioner has

4  been deprived of a protected liberty interest in violation

5  of the Fourteenth Amendment of the United States

6  Constitution.

7       On July 5, 2006, the Superior Court issued an order

8  that the respondent prepare an informal response to the

9  petitioner.  After which, the petitioner had 15 days to

10 file a reply to respondent's informal response.

11      On August 21, 2006, the respondent filed its informal

12 response alleging that petitioner was properly found guilty

13 of Possession of Inmate Manufactured Weapon.  Respondent

14 asserted that petitioner's due process rights regarding

15 his disciplinary hearing were satisfied.  In his contention

16 the resposndent relied primarily on the opinion set forth

17 by the Court of Appeal, Fourth Appellate District, in the

18 case of In re Zepeda.  (August 16, 2006 DJDAR 10742; http.

19 www. courtinfo ca. gov/opinions/documets/D047776. PDF.)

20 Respondent further maintained its position that Section

21 3287(a) of the California Code of Regulations does not

22 apply to general population cells.

23      On August 29, 2006, petitioner filed his reply to

24 respondent's informal response.  Petitioner pointed out

25 that respondent's reliance on the ZEPEDA opinion is mis-

26 placed due to the fact that the search requirement of

27 section 3287(a) was never an issue raised in the ZEPEDA

28 case.  Petitioner's factual circumstances are distinctly

1  different from ZEPEDA in this regard.

2      On October 23, 2006, the Superior Court denied the

3  petition on the merits.  Based on the ZEPEDA opinion, the

4  court believed it had no authority under the Constitution

5  to reverse the guilty finding addued at petitioner's

6  disciplin ary hearing.  (Attached as Exhibit D is a copy of

7  the order issued by the Superior Court denying the petition).

8      Petitioner filed another habeas petition into the

9  Court of Appeal, Sixth Appellate District, raising the same

10 ground for relief.  On February 20, 2007, the Court of

11 Appeal summarily denied the petition.  (See Exhibit D,

12 page 6 of 7).

13     On or about March 2, 2007, petitioner filed a habeas

14 petition on the same ground for relief into the California

15 Supreme Court.  Petitioner asserted thhat he was not

16 alleging that his right to due process was infringed upon

17 at or during his disciplinary hearing.  Rather, petitioner's

18 contention is that prior to any hearing he was denied due

19 process of law and equal protection guaranteed by the

20 Constitution when Correctional Officials failed to search

21 his prospective housing area pursuant to Section 3287(a)

22 of thhe California Code of Regulations.  Specifically,

23 Section 3287(a) is a state-created liberty interest that is

24 federally protected under the Fourteenth Amendment of the

25 United States Constitution.  Due to Correctional Officials

26 admitted omission, petitioner was arbitrarily denied the

27 protections provided by Section 3287(a) which resulted in

28 the loss of 360 days of good time credits.

1    On April 11, 2007, the California Supreme Court

2 summarily denied the petition.   (See Exhibit D, page 7 of 7).

3 ////

4 ////

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ground I, page 6

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  Hewitt V. Helms, 459 U.S. 460, 466 (1983); Valdez V. Rosenbaum, 302 F.3d

5  1039, 1044 (9th Cir. 2002);  Kentucky Dpet. of Corrections V. Thompson, 490

6  U.S. 454, 462-63 (1989); Toussaint V. McCarthy, 801 F.2d 1080 (9th Cir. 1986).

7  Do you have an attorney for this petition?      Yes_____   No_x____

8  If you do, give the name and address of your attorney:

9  _____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  3-8-2007_____        _Gilbert Contreras_

14          Date                       Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, GILBERT CONTRERAS _____, declare:

I am over 18 years of age and a party to this action. I am a resident of MONTEREY COUNTY _____

CALIFORNIA TRAINING FACILITY - CENTRAL _____ Prison,

in the county of MONTEREY _____,

State of California. My prison address is: P.O. Box 689 DW-243 Upper, Soledad, Ca. 93960-0689

On MARCH 8, 2007 _____,
(DATE)

I served the attached: Petitioner for Writ of Habeas Corpus. _____

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Clerk of the U.S. District Court            Office of the Attorney General
Northern District of California             455 Golden Gate Avenue, Suite 11000
450 Golden Gate Avenue Box 36060           San Francisco, Ca. 94102-7004
San Francisco, Ca. 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on 3-8-2007 _____         Gilbert R. Contreras _____
(DATE)                                    (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                        ::ODMA\PCDOCS\WORDPERFECT\22132\1

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ GILBERT CONTRERAS _____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

GILBERT CONTRERAS _____, CDCR #: E-59058
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: DW-243 UPPER
SOLEDAD, CA  93960-0689.

On **JULY 12, 2007.** _____, I served the attached:

**"MOTION TO THE CLERK OF THE COURT REGARDING BELATED FILING FEE"**

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

UNITED STATES DISTRICT COURT          OFFICE OF THE ATTORNEY GENERAL
NORTHERN DISTRICT OF CALIFORNIA       455 GOLDEN GATE AVE, SUITE 11000
450 GOLDEN AVENUE BOX 36060           SAN FRANCISCO, CA. 94102
SAN FRANCISCO, CALIFORNIA. 94102-7004 ATTN: CORRECTIONAL LAW SECTION

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on **JULY 12, 2007.** _____.

GILBERT CONTRERAS/E-59058
Declarant

**(3)**

